# Exhibit A

STATE OF WISCONSIN   :   CIRCUIT COURT   :   MILWAUKEE COUNTY

---

ADAM J. VARELAS and
MICHELLE VARELAS
235 W. Armour Ave.
Milwaukee, WI 53207

      Plaintiffs,

     vs.

CROWN EQUIPMENT CORPORATION
a foreign corporation
c/o CT Corporation System
8020 Excelsior Dr., Ste. 200
Madison, WI 53717

ABC INSURANCE COMPANY
a fictitious corporation,

CROWN LIFT TRUCKS
5150 S. Towne Dr.
New Berlin, WI 53151

DEF INSURANCE COMPANY
a fictitious corporation,

ILLINOIS NATIONAL INSURANCE COMPANY
a Wisconsin corporation
c/o Corporation System, Inc., Registered Agent
8040 Excelsior Dr., Ste. 400
Madison, WI 53717

      Defendants.

**Case No.**

**SUMMONS**

Personal Injury-Other:  30107

**AMOUNT CLAIMED GREATER
THAN $5,000.00**

MAY 0 9 2017

JURY DEMAND FEE 12
PERSON $72.00 PAID

HON. WILLIAM SOSNAY, BR. 8
CIVIL J

FILED AND
AUTHENTICATED
O [ MAY 0 9 2017 ] O
JOHN BARRETT
Clerk of Circuit Court

---

**THE STATE OF WISCONSIN
TO EACH PERSON NAMED ABOVE AS A DEFENDANT:**

    You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the legal action.  Within forty-five (45) days after receiving this Summons, you must respond to the Complaint with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes. The Court may reject or disregard an Answer that does not follow the requirements of the statutes.

The Answer must be sent or delivered to the Court, whose address is 901 North Ninth Street, Milwaukee, Wisconsin, 53233, and to Habush Habush & Rottier S.C.®, whose address is 777 East Wisconsin Avenue, Suite 2300, Milwaukee, Wisconsin, 53202.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2017.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiff

By: _____
Timothy S. Trecek
State Bar No. 1021161
ttrecek@habush.com


**P.O. ADDRESS**:

US Bank Building, Suite 2300
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-0900

2

STATE OF WISCONSIN   :   CIRCUIT COURT   :   MILWAUKEE COUNTY

----------------------------------------------------------------------------------------------------------------------------

ADAM J. VARELAS and
MICHELLE VARELAS
235 W. Armour Ave.
Milwaukee, WI 53207

       Plaintiffs,

      vs.

CROWN EQUIPMENT CORPORATION
a foreign corporation
c/o CT Corporation System
8020 Excelsior Dr., Ste. 200
Madison, WI 53717

ABC INSURANCE COMPANY
a fictitious corporation,

CROWN LIFT TRUCKS
5150 S. Towne Dr.
New Berlin, WI 53151

DEF INSURANCE COMPANY
a fictitious corporation,

ILLINOIS NATIONAL INSURANCE COMPANY
a Wisconsin corporation
c/o Corporation System, Inc., Registered Agent
8040 Excelsior Dr., Ste. 400
Madison, WI 53717

       Defendants.

**Case No.**

**COMPLAINT**

**Personal Injury-Other:  30107**

**AMOUNT CLAIMED GREATER
THAN $5,000.00**

FILED AND
AUTHENTICATED

O   MAY 0 9 2017   O

JOHN BARRETT
Clerk of Circuit Court

----------------------------------------------------------------------------------------------------------------------------

     The above named plaintiffs by **HABUSH HABUSH & ROTTIER S.C.®**, their attorneys,

as and for a Complaint against the above named defendants, alleges and shows to the Court as

follows:

## GENERAL ALLEGATIONS APPLICABLE
## TO ALL CLAIMS FOR DAMAGES

1.　　At the present time, the plaintiffs, Adam J. Varelas and Michelle Varelas, are citizens and residents of the State of Wisconsin residing at 235 W. Armour Avenue, Milwaukee, Wisconsin 53207 and are husband and wife.

2.　　At the present time, the defendant, Crown Equipment Corporation (hereinafter "Crown Equipment") is a foreign corporation with offices of its Registered Agent, CT Corporation System, at 8020 Excelsior Dr., Ste. 200, Madison, Wisconsin 53717. On information and belief, Crown Equipment Corporation is in the business of designing, testing, manufacturing, marketing, distributing and selling stand-up forklifts.

3.　　On information and belief, an unknown insurance company, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy of insurance to Crown Equipment, which policy provided coverage to Crown Equipment for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter; in the contract of insurance, this defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

4.　　At the present time, the defendant, Crown Lift Trucks, is a branch of Crown Equipment with its principal place of business located at 5150 S. Towne Dr., New Berlin, Wisconsin 53151. On information and belief, Crown Lift Trucks is in the business of selling and servicing Crown forklifts, and its parts and accessories, including the subject RC series forklift.

2

5.     On information and belief, an unknown insurance company, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of DEF Insurance Company, had issued a policy of insurance to Crown Lift Trucks, which policy provided coverage to Crown Lift Trucks for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter; in the contract of insurance, this defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

6.     At the present time, the defendant, Illinois National Insurance company (hereinafter "Illinois National"), is a foreign corporation duly licensed to do business in the State of Wisconsin, with offices of its Registered Agent, Corporation System, Inc., at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin, 53717; this insurance company is a defendant by reason of Wis. Stat. §102.29 as it may have an interest in the plaintiff's claim by reason of its being the workers compensation carrier for the plaintiff, Adam J. Varelas.

7.     On or about November 4, 2015, the plaintiff, Adam J. Varelas, during the course of his employment as a dock supervisor at Sam's Club, was operating a Crown RC Series stand-up forklift at or near 1540 S. 108th Street, in the City of West Allis, County of Milwaukee.

8.     At this time and place, the plaintiff, Adam J. Varelas, attempted to stop the forklift by plugging, when the brakes failed, causing the forklift and Mr. Varelas to go over the loading dock, falling to the ground below, with a portion of the forklift landing on Mr. Varelas, causing him to suffer serious permanent personal injuries.

3

## CLAIM FOR INJURIES BASED ON NEGLIGENCE
## OF THE DEFENDANT, CROWN EQUIPMENT CORPORATION

9.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-8 of the Complaint herein.

10.     The defendant, Crown Equipment, by its employees, agents and representatives, was negligent in the design, testing, manufacture, marketing, service, repair, and maintenance, distribution and sale of the subject forklift involved in this accident, including but not limited to, failing to provide a forklift that operated safely; failing to provide adequate warnings and instructions on and with the forklift; failing to properly test the subject forklift; failing to properly service, repair, and maintain the forklift; and by placing a product on the market that was unreasonably dangerous and could cause serious personal injuries to any potential user; and was otherwise negligent.

11.     The above and foregoing acts of negligence on the part of the defendant, Crown Equipment, were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Adam J. Varelas.

12.     As a result of the negligence on the part of the defendant, Crown Equipment, as afore alleged, the plaintiff, Adam J. Varelas, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

13.     The plaintiff, Michelle Varelas, is the wife of plaintiff, Adam J. Varelas, and as his wife, sustained damages, including but not limited to the loss of consortium, society and

4

companionship of her husband, and will in the future sustain damages as the result of the injuries sustained by her husband as described above.

## CLAIM FOR DAMAGES BASED ON STRICT LIABILITY
## OF THE DEFENDANT, CROWN EQUIPMENT CORPORATION

14.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-13 of the Complaint herein.

15.     The forklift used by the plaintiff, Adam J. Varelas, was in a defective condition so as to be unreasonably dangerous to users with respect to its design, testing, manufacture, marketing, distribution, sale and warnings when it left the possession and control of the defendant, Crown Equipment.

16.     The subject forklift was a product the defendant, Crown Equipment, expected to and did reach the plaintiff, Adam J. Varelas, as a user without substantial change in the condition in which it was sold.

17.     The aforedescribed defective condition which rendered the subject forklift unreasonably dangerous was a direct and proximate cause of the injuries and damages sustained by the plaintiff, Adam J. Varelas.

18.     As a result of the aforedescribed defective condition of the subject forklift, the plaintiff, Adam J. Varelas, sustained injuries and damages as described above.

## CLAIM FOR INJURIES BASED ON NEGLIGENCE
## OF THE DEFENDANT, CROWN LIFT TRUCKS

19.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-18 of the Complaint herein.

20.     The defendant, Crown Lift Trucks, by its employees, agents and representatives, was negligent in the design, testing, manufacture, marketing, service, repair, and maintenance,

5

distribution and sale of the subject forklift involved in this accident, including but not limited to, failing to provide a forklift that operated safely; failing to provide adequate warnings and instructions on and with the forklift; failing to properly test the subject forklift; failing to properly service, repair, and maintain the forklift; and by placing a product on the market that was unreasonably dangerous and could cause serious personal injuries to any potential user; and was otherwise negligent.

21. The above and foregoing acts of negligence on the part of the defendant, Crown Lift Trucks, were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Adam J. Varelas.

22. As a result of the negligence on the part of the defendant, Crown Lift Trucks, as afore alleged, the plaintiff, Adam J. Varelas, sustained injuries and damages as described above.

23. As a result of the negligence on the part of the defendant, Crown Lift Trucks, as afore alleged, the plaintiff, Adam J. Varelas, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

24. The plaintiff, Michelle Varelas, is the wife of plaintiff, Crown Lift Trucks, and as his wife, sustained damages, including but not limited to the loss of consortium, society and companionship of her husband, and will in the future sustain damages as the result of the injuries sustained by her husband as described above.

6

## CLAIM FOR DAMAGES BASED ON STRICT LIABILITY
## OF THE DEFENDANT, CROWN LIFT TRUCKS

25.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-24 of the Complaint herein.

26.     The forklift used by the plaintiff, Adam J. Varelas, was in a defective condition so as to be unreasonably dangerous to users with respect to its design, testing, manufacture, marketing, distribution, sale and warnings when it left the possession and control of the defendant, Crown Lift Trucks.

27.     The subject forklift was a product the defendant, Crown Lift Trucks, expected to and did reach the plaintiff, Adam J. Varelas, as a user without substantial change in the condition in which it was sold.

28.     The aforedescribed defective condition which rendered the subject forklift unreasonably dangerous was a direct and proximate cause of the injuries and damages sustained by the plaintiff, Adam J. Varelas.

29.     As a result of the aforedescribed defective condition of the subject forklift, the plaintiff, Adam J. Varelas, sustained injuries and damages as described above.

WHEREFORE, the plaintiffs demand judgment against the defendants for the amount of damages found to be appropriate, together with the costs, disbursements and prejudgment interest in this action.

In the event of settlement or verdict in favor of the plaintiffs, plaintiffs demand judgment for an order declaring the plaintiffs' rights to such settlement/verdict proceeds paramount to those of any subrogated party.

7

Finally, in the event of any subrogated party's failure to respond to this Complaint in a timely manner, the plaintiffs request this Court to grant an order dismissing the subrogated party from this action and barring any claim for subrogation and/or reimbursement, and barring the subrogated party from participating in any judgment or settlement in this action.

Plaintiffs allege that their damages are more than the minimum amount necessary to invoke the jurisdiction of this Court.

Dated at Milwaukee, Wisconsin this 5th day of May , 2017.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiffs

By: _____
Timothy S. Trecek
State Bar No. 1021161
ttrecek@habush.com

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THAT THE ABOVE ENTITLED ACTION BE TRIED BY A TWELVE PERSON JURY.**

**P.O. ADDRESS:**

US Bank Building, Suite 2300
777 East Wisconsin Avenue
Milwaukee, WI   53202
(414) 271-0900

8

STATE OF WISCONSIN　　:　　CIRCUIT COURT　　:　　MILWAUKEE COUNTY
-------------------------------------------------------------------------------------------------

ADAM J. VARELAS and
MICHELLE VARELAS                                    **Case No.**


　　　　　　　Plaintiffs,                               **Personal Injury-Other: 30107**


　　vs.

CROWN EQUIPMENT CORPORATION
a foreign corporation

ABC INSURANCE COMPANY
a fictitious corporation,

CROWN LIFT TRUCKS

DEF INSURANCE COMPANY
a fictitious corporation,

ILLINOIS NATIONAL INSURANCE COMPANY
a Wisconsin corporation


　　　　　　　Defendants.


-------------------------------------------------------------------------------------------------
PLAINTIFFS' FIRST SET OF WRITTEN INTERROGATORIES TO
DEFENDANTS CROWN EQUIPMENT CORPORATION AND CROWN LIFT TRUCKS
-------------------------------------------------------------------------------------------------


TO:　　CROWN EQUIPMENT CORPORATION
　　　　c/o CT Corporation System
　　　　8020 Excelsior Dr., Ste. 200
　　　　Madison, WI 53717


　　　　and


　　　　CROWN LIFT TRUCKS
　　　　5150 S. Towne Dr.
　　　　New Berlin, WI 53151

Plaintiffs, Adam J. Varelas and Michelle Varelas, by their attorney, Timothy S. Trecek of Habush Habush & Rottier, hereby request, pursuant to Wisconsin Statute 804.08 that the defendants, Crown Equipment Corporation ("Crown Equipment") and Crown Lift Trucks ("Crown Lift"), answer Plaintiffs' First Set of Written Interrogatories in writing, under oath, within forty-five (45) days of service.

## DEFINITIONS

A.    **"Documents"** refers to everything within the scope of Wis. Stat. 804.09.

B.     **"Defendant" or "Crown Equipment " or "Crown Lift"** refers to  all of its employees, agents and servants, any division or group of Crown Equipment or Crown Lift, any subsidiaries, any affiliated or associated companies, and all employees, agents and independent contractors associated with any of these entities.

C.    **"Hazard"** refers to any condition or any changing set of circumstances which present an injury potential.  The defendant's response to an inquiry employing this term shall not be deemed to constitute an admission that such hazard does in fact exist.

D.    **"Other Incidents; Other Similar Incidents."**  Whenever either of these phrases is employed, it is intended to refer to any other incident which involved a Crown stand- up electric forklift where an allegation occurred that the brakes or plugging operation on the forklift failed to operate.

E.    **"Path of Distribution."**  Whenever this phrase is employed, it is intended to refer to the movement of said product in terms of time and geography, beginning at the time and place at which it was first assembled and manufactured as a completed product or a finished product and ending at the location where it becomes sold to a consumer.

F.    **"Subject Forklift."** This phrase is intended to refer to the Crown RC series stand-up forklift in which the plaintiff was operating at the time of the subject accident. It is intended that said term shall be construed to include each and every component of said product

G.    **"Quality Assurance."** This phrase is intended to refer to any and all efforts (including, but not limited to studies, tests, inspections, examinations) and other activities conducted by or on behalf of the defendant for the purpose of ascertaining whether or not a finished product conforms to the design objectives or design criteria for that product.

H.    **"Test(s)."** This word is intended to refer to any test(s) made by or on behalf of the Defendant or test(s) made by some other person, firm or corporation to which the Defendant referred in selecting the design that was adopted by the Defendant for said product (or any subsequent change thereto) or in the course of the investigation of said incident. The word test(s) includes static and dynamic tests, whether involving models or full size components, and computer-simulated testing.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify all witnesses from whom the defendant or any of its representatives have obtained written or recorded statements, and the custodians of such statements.

INTERROGATORY NO. 2: Identify all agents, servants, or employees of the defendant who participated in any manner in the investigation of the claim which is the subject matter of this lawsuit.

INTERROGATORY NO. 3: Identify each corporate standard, specification or requirement, industry standard or custom, governmental standard, code, specification or regulation pertaining to the subject forklift, including, but not limited to its circuitry.

<u>INTERROGATORY NO. 4</u>:  Identify the person or persons currently employed by you most knowledgeable concerning the following:

a)  The design, development, testing and marketing of the subject forklift and its components.

b)  Safety devices which were incorporated into the design of the subject forklift related to the circuitry, braking and plugging.

c)  Safety hazards in the use of the subject forklift which were considered by you related to braking and plugging.

d)  Communications between Crown Equipment and its dealers and distributors regarding its RC 3000 series stand-up forklifts.

e)  Communications between Crown Lift and its end-users regarding its RC 3000 series stand-up forklifts.

f)  Communications between Crown Equipment and Crown Lift pertaining to the subject forklift.

g)  Communications between Crown Lift and Sam's Club, 1540 S. 108th Street, West Allis, WI 53214, related to the repairs and maintenance of the Crown forklifts at that location.

h)  Communications between Crown Equipment and Sam's Club, 1540 S. 108th Street, West Allis, WI 53214, related to Crown forklifts at that location.

i)  Reported claims of injuries allegedly resulting from use of Crown stand-up forklifts.

j)  Customer complaints regarding Crown stand-up forklifts.

k)  State of the art in design of the circuitry of stand-up forklifts.

INTERROGATORY NO. 5:  Identify each engineer or consultant who evaluated any of your RC 3000 series stand-up forklifts to determine any potential for causing injury it may have, including, but not limited to, the potential for the malfunction of the braking or plugging system.

INTERROGATORY NO. 6:  Identify by name and address the corporate entity which is legally responsible for the liabilities, if any, of Crown Equipment, for personal injuries sustained in November, 2015, for claims such as those made in plaintiffs' complaint.

INTERROGATORY NO. 7:  Identify by name and address the corporate entity which is legally responsible for the liabilities, if any, of Crown Lift, for personal injuries sustained in November, 2015, for claims such as those made in plaintiffs' complaint.

Dated this 5th day of May, 2017.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiffs

Timothy S. Trecek
State Bar No. 1021161
ttrecek@habush.com

**P.O. ADDRESS:**
777 East Wisconsin Avenue
Suite 2300
Milwaukee, WI 53202
(414) 271-0900

STATE OF WISCONSIN   :   CIRCUIT COURT   :   MILWAUKEE COUNTY

---

ADAM J. VARELAS and
MICHELLE VARELAS

**Case No.**

            Plaintiffs,

**Personal Injury-Other: 30107**

   vs.

CROWN EQUIPMENT CORPORATION
a foreign corporation

ABC INSURANCE COMPANY
a fictitious corporation,

CROWN LIFT TRUCKS

DEF INSURANCE COMPANY
a fictitious corporation,

ILLINOIS NATIONAL INSURANCE COMPANY
a Wisconsin corporation

            Defendants.

---

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS CROWN EQUIPMENT CORPORATION AND CROWN LIFT TRUCKS

---

TO:    CROWN EQUIPMENT CORPORATION
       c/o CT Corporation System
       8020 Excelsior Dr., Ste. 200
       Madison, WI 53717

       and

       CROWN LIFT TRUCKS
       5150 S. Towne Dr.
       New Berlin, WI 53151

Plaintiffs, Adam J. Varelas and Michelle Varelas, by their attorney, Timothy S. Trecek of

Habush Habush & Rottier, hereby request, pursuant to Wisconsin Statute 804.09 that the

1

defendants, Crown Equipment Corporation ("Crown Equipment") and Crown Lift Trucks ("Crown Lift") produce and permit inspection and/or copying of the following described documents within forty-five (45) days of service. In lieu of said production, copies of the requested documents may be provided to plaintiffs' counsel at the law offices of Habush Habush & Rottier S.C.®, 777 East Wisconsin Avenue, Suite 2300, Milwaukee, WI 53202 within forty-five (45) days of service hereof.

## DEFINITIONS

A.    **"Documents"** refers to everything within the scope of Wis. Stat. 804.09.

B.    **"Defendant"** or **"Crown Equipment "** or **"Crown Lift"** refers to  all of its employees, agents and servants, any division or group of Crown Equipment or Crown Lift, any subsidiaries, any affiliated or associated companies, and all employees, agents and independent contractors associated with any of these entities.

C.    **"Hazard"** refers to any condition or any changing set of circumstances, which present an injury potential.  The defendant's response to an inquiry employing this term shall not be deemed to constitute an admission that such hazard does in fact exist.

D.    **"Other Incidents; Other Similar Incidents."**  Whenever either of these phrases is employed, it is intended to refer to any other incident, which involved a Crown stand- up electric forklift where an allegation occurred that the brakes or plugging operation on the forklift failed to operate.

E.    **"Path of Distribution."** Whenever this phrase is employed, it is intended to refer to the movement of said product in terms of time and geography, beginning at the time and place at which it was first assembled and manufactured as a completed product or a finished product and

2

ending at the location where it becomes sold to a consumer.

F.     **"Subject Forklift."**  This phrase is intended to refer to the Crown RC series stand-up forklift in which the plaintiff was operating at the time of the subject accident. It is intended that said term shall be construed to include each and every component of said product

G.     **"Quality Assurance."**  This phrase is intended to refer to any and all efforts (including, but not limited to studies, tests, inspections, examinations) and other activities conducted by or on behalf of the defendant for the purpose of ascertaining whether or not a finished product conforms to the design objectives or design criteria for that product.

H.     **"Test(s)."**  This word is intended to refer to any test(s) made by or on behalf of the Defendant or test(s) made by some other person, firm or corporation to which the Defendant referred in selecting the design that was adopted by the Defendant for said product (or any subsequent change thereto) or in the course of the investigation of said incident.  The word test(s) includes static and dynamic tests, whether involving models or full size components, and computer-simulated testing.

## REQUESTS

REQUEST NO. 1:     All applicable insurance policies, including umbrella and excess policies.  This request encompasses each entire policy, including declaration or face sheets showing the policy limits of each policy.

REQUEST NO. 2:     Organizational charts showing Crown Equipment's and Crown Lift's corporate structure(s) for the time-period from when the Defendant first manufactured an RC 3000 series stand-up forklift through December 31, 2015.

REQUEST NO. 3:     Organizational charts showing that part of Crown Equipment's

3

organization and the individuals who participated in the design, development, research, and testing of Crown's RC 3000 series stand-up·forklift through December 31, 2015.

REQUEST NO. 4:    Organizational charts showing that part of Crown Equipment's organization and the individuals who participated in the sale, leasing, advertising, and marketing of Crown's RC 3000 series stand-up forklifts through December 31, 2015.

REQUEST NO. 5:    Copies of all documents, including legal complaints, consumer complaints, memos, reviews, internal reports, correspondence, and/or communications from industry organizations, consumer groups, attorneys, insurance companies, or governmental regulatory agencies, received by Crown Equipment or Crown Lift, relating to claimed injuries to operators or bystanders where an allegation was made of failed braking or failed plugging with a stand-up forklift which uses the same circuitry for its braking and plugging as used in the subject forklift, excluding documentation protected by the attorney/client privilege.

REQUEST NO. 6:    All corporate standards, specification or requirements, industry standards or custom, governmental standards, codes, specifications or regulations, applicable to the subject forklift you contend were complied with, in the design and manufacture of the Crown RC 3000 series stand-up forklifts.

REQUEST NO. 7:    All Crown Equipment internal standards, regulations, policies and procedures, applicable to the subject forklift you contend were complied with, in the design and manufacture of the Crown RC 3000 series stand-up forklifts.

REQUEST NO. 8:    All documents (specifically including but not limited to, blueprints, engineering layouts, schematics, drawings or detail diagrams, drawing revisions, specifications, and corporate standards or requirements), for the RC 3000 series stand-up forklifts, including but

4

not limited to its circuitry.

REQUEST NO. 9:   For those RC 3000 stand-up forklifts which post-date the subject forklift, and which incorporate circuitry different than the subject forklift's circuitry, produce all documents (specifically including but not limited to, blueprints, engineering layouts, schematics, drawings or detail diagrams, drawing revisions, specifications, and corporate standards or requirements), including but not limited to its circuitry.

REQUEST NO. 10:   All Failure Mode and Effects Analysis, hazard analysis, or similar documents by any other name, created to address potential hazards related to the Crown Equipment RC 3000 series stand-up forklifts.

REQUEST NO. 11:   Documents (including videotapes, photographs, slides or motion pictures) generated due to testing and performance for the RC 3000 series stand-up forklift, and which are applicable to the subject forklift.

REQUEST NO. 12:   The index or catalog (including any computerized index or catalog) of Crown Equipment's testing conducted on the RC 3000 series stand-up forklifts, from when Crown Equipment first manufactured the RC 3000 series forklifts through the present.

REQUEST NO. 13:   Documents regarding the contemplation, rationale, feasibility, and/or performance of alternative designs of the RC 3000 series stand-up forklift circuitry.

REQUEST NO. 14:   All documents regarding Crown Equipment's and Crown Lift's quality assurance procedures, including any and all examinations, inspections, and tests, whether static or dynamic, done in part to confirm that the finished forklift complied with the design criteria and/or specifications.

REQUEST NO. 15:   All videotapes, photographs, slides or motion pictures and test

5

reports created during the development of the RC 3000 series forklift.

REQUEST NO. 16:    All advertising or promotion material of Crown Equipment's RC 3000 series stand-up forklifts marketed through the present.

REQUEST NO. 17:    All technical articles or reports written by Crown Equipment or Crown Lift's personnel, which relate to the circuitry of stand-up forklifts.

REQUEST NO. 18:    The operator's manual for the subject forklift.

REQUEST NO. 19:    The service manual for the subject forklift.

REQUEST NO. 20:    The operator's manual for each RC 3000 series stand-up forklift, which post-dates the subject forklift.

REQUEST NO. 21:    The service manual for each RC 3000 series stand-up forklift, which post-dates the subject forklift.

REQUEST NO. 22:    All documents relating to applications for patents and/or each patent issued or assigned to Crown Equipment or any of its employees relating to RC 3000 series stand-up forklifts, or any component thereof.

REQUEST NO. 23:    All warnings provided by or on behalf of Crown Equipment to the purchasers of its RC 3000 series stand-up forklifts from the date first sold up to December 31, 2015.

REQUEST NO. 24:    Documents reflecting any changes, alterations, or modifications to the RC 3000 series stand-up forklift from the time it was firs designed until present, with respect to any of the following:

    a.        performance specifications;
    b.        design objectives;

|     |                                      |
| --- | ------------------------------------ |
| c.  | design criteria;                     |
| d.  | actual design;                       |
| e.  | construction/manufacture/assembly;   |
| f.  | quality assurance;                   |
| g.  | use instructions;                    |
| h.  | circuitry;                           |
| i.  | warnings.                            |

REQUEST NO. 25:   All engineering change requests, engineering change notices, and engineering change orders applicable to the subject forklift.

REQUEST NO. 26:   All engineering change requests, engineering change notices, and engineering change orders applicable to the subject forklift.

REQUEST NO. 27:   Documents reflecting the path of distribution of the subject forklift.

REQUEST NO. 28:   All documents reflecting any recall of the RC 3000 series stand-up forklifts involving the electronic circuitry.

REQUEST NO. 29:   Documents reflecting where, when and by whom the subject forklift was designed, manufactured, assembled, tested, leased, sold.

REQUEST NO. 30:   Documents reflecting the model name, model number, and years sold, for each RC 3000 series stand-up forklift model manufactured and/or marketed by Crown Equipment.

REQUEST NO. 31:   All meeting minutes from committee(s) associated with the subject areas described below as they pertain to the RC 3000 series stand-up forklifts, from the time-period when Crown Equipment first manufactured the RC 3000 series forklift through December 31, 2015:

7

a) Product Development;
b) Product Standards;
c) Testing;
d) Quality Assurance;
e) Manufacturing;
f) Sales.

REQUEST NO. 32:   Documents that describe your document retention policy in effect as of calendar year 2015.

REQUEST NO. 33:   Documents which identify by year, the number of RC 3000 series forklifts manufactured, which incorporate the same circuitry as the subject forklift.

REQUEST NO. 34:   Documents which set forth the per unit cost to Crown Equipment to manufacture the subject forklift.

REQUEST NO. 35:   Documents which set forth the retail cost for the subject forklift when new.

REQUEST NO. 36: All lease agreements, or sales documents, pertaining to the subject forklift.

REQUEST NO. 37: All lease agreements, or sales documents, pertaining to each Crown forklift, which was at Sam's Club, 1540 S. 108th Street, West Allis, WI 53214, as of November 4, 2015.

REQUEST NO. 38: All service, repair, maintenance records for the subject forklift.

REQUEST NO. 39: All service, repair, maintenance records pertaining to each Crown forklift which was at Sam's Club, 1540 S. 108th Street, West Allis, WI 53214, as of November 4, 2015.

REQUEST NO. 40: All records in your possession or available to you, including but not limited to, bills of sale, purchase orders, invoices, and shipping documents, pertaining to the original sale and shipment, or lease, of the subject forklift.

8

REQUEST NO. 41: Documents which identify each and every identification number listed on the subject forklift, including those for the circuitry boards. (I.e. model number, serial number, patent number, etc.).

REQUEST NO. 42: All warranty records in your possession or available to you relating to the subject forklift.

REQUEST NO. 43: All photographs and videotapes of the subject forklift taken by you or your representatives at any time.

REQUEST NO. 44: All service bulletins applicable to the subject forklift.

REQUEST NO. 45: Copies of all statements taken from any parties or witnesses to the accident in question or persons who have knowledge of the accident or injuries or damages sustained or claimed by the plaintiff.

REQUEST NO. 46: All instruction sheets, manuals, and any other written material, which accompanied the subject forklift at the time it left the possession of Crown Equipment and Crown Lift.

REQUEST NO. 47: All patents applicable to the subject forklift.

REQUEST NO. 48: All communications between you and any of your distributors or dealers of RC 3000 series stand-up forklifts related to reported problems involving braking or plugging on this forklift series.

REQUEST NO. 49: All documents generated, including tests and test reports, as a result of Crown Equipment's and Crown Lift's testing and/or evaluation of the electrical circuitry, which controls braking, and plugging in the RC 3000 series stand-up forklifts.

REQUEST NO. 50: All communications between Crown Equipment and Crown Lift related to the subject forklift at any time.

9

REQUEST NO. 51: All internal memoranda and/or procedural manuals which describe those procedures to be taken to implement any accident reporting system instituted by you to inform you of injuries sustained by persons using Crown Equipment products.

REQUEST NO. 52: Produce each indemnity agreement between you and any other entity, which may be applicable to the subject incident.

Dated at Milwaukee, Wisconsin this 5th day of May 2017.

**HABUSH HABUSH & ROTTIER S.C.®**
Attorneys for Plaintiffs

By: _Timothy J. Trecek_

Timothy S. Trecek
State Bar No. 1021161
Email: ttrecek@habush.com

**P.O. ADDRESS:**
777 East Wisconsin Avenue
Suite 2300
Milwaukee, WI 53202
(414) 271-0900

10

 **CT Corporation**

**TO:** John Maxa, Vice President and General Counsel
Crown Equipment Corporation
102 S Washington St
New Bremen, OH 45869-1249

**RE:** **Process Served in Wisconsin**

**FOR:** CROWN EQUIPMENT CORPORATION  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Adam J. Varelas and Michelle Varelas, Pltfs. vs. Crown Equipment Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Set of Interrogatories, First Request, Attachment(s) |
| **COURT/AGENCY:** | Milwaukee County Circuit Court, WI<br>Case # 17CV003823 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/21/2017 at 14:51 |
| **JURISDICTION SERVED :** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 45 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Timothy S. Trecek<br>Habush, Habush & Rottier, S.C.<br>US Bank Building, Suite 2300<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>414-271-0900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/22/2017, Expected Purge Date: 06/27/2017<br><br>Image SOP<br><br>Email Notification, Donna Prenger  donna.prenger@crown.com<br><br>Email Notification, John Maxa  mary.clouner@crown.com<br><br>Email Notification, Julia Tuente  Julia.Tuente@crown.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 301 S. Bedford St.<br>Suite 1<br>Madison, WI 53703 |
| **TELEPHONE:** | 302-658-7581/7582/7583 |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**I 7 C V 0 0 3 8 2 3**

STATE OF WISCONSIN  :  CIRCUIT COURT  :  MILWAUKEE COUNTY

---------------------------------------------------------------------------------------------

ADAM J. VARELAS and
MICHELLE VARELAS
235 W. Armour Ave.
Milwaukee, WI 53207

        Plaintiffs,

        vs.

CROWN EQUIPMENT CORPORATION
a foreign corporation
c/o CT Corporation System
8020 Excelsior Dr., Ste. 200
Madison, WI 53717

ABC INSURANCE COMPANY
a fictitious corporation,

CROWN LIFT TRUCKS
5150 S. Towne Dr.
New Berlin, WI 53151

DEF INSURANCE COMPANY
a fictitious corporation,

ILLINOIS NATIONAL INSURANCE COMPANY
a Wisconsin corporation
c/o Corporation System, Inc., Registered Agent
8040 Excelsior Dr., Ste. 400
Madison, WI 53717

        Defendants.

**Case No.**

**SUMMONS**

**Personal Injury-Other: 30107**

**AMOUNT CLAIMED GREATER
THAN $5,000.00**

MAY 0 9 2017

JURY DEMAND FEE 12
PERSON $72.00 PAID

HON. WILLIAM SOSNAY, BR. 8
CIVIL J



FILED AND
AUTHENTICATED

O   MAY 0 9 2017   O

JOHN BARRETT
Clerk of Circuit Court

---------------------------------------------------------------------------------------------

### THE STATE OF WISCONSIN
### TO EACH PERSON NAMED ABOVE AS A DEFENDANT:

     You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action. Within forty-five (45) days after receiving this Summons, you must respond to the Complaint with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes. The Court may reject or disregard an Answer that does not follow the requirements of the statutes.

The Answer must be sent or delivered to the Court, whose address is 901 North Ninth Street, Milwaukee, Wisconsin, 53233, and to Habush Habush & Rottier S.C.®, whose address is 777 East Wisconsin Avenue, Suite 2300, Milwaukee, Wisconsin, 53202.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 5th day of _____ May _____, 2017.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiff

By: _____
Timothy S. Trecek
State Bar No. 1021161
ttrecek@habush.com

**P.O. ADDRESS:**

US Bank Building, Suite 2300
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-0900

2

STATE OF WISCONSIN   :   CIRCUIT COURT   :   MILWAUKEE COUNTY

-----------------------------------------------------------------------------------------------------------

| | |
|---|---|
| ADAM J. VARELAS and<br>MICHELLE VARELAS<br>235 W. Armour Ave.<br>Milwaukee, WI 53207 | **Case No.**<br><br>**COMPLAINT**<br><br>**Personal Injury-Other: 30107** |
|        Plaintiffs, | |
|     vs. | **AMOUNT CLAIMED GREATER**<br>**THAN $5,000.00** |

CROWN EQUIPMENT CORPORATION
a foreign corporation
c/o CT Corporation System
8020 Excelsior Dr., Ste. 200
Madison, WI 53717

ABC INSURANCE COMPANY
a fictitious corporation,

CROWN LIFT TRUCKS
5150 S. Towne Dr.
New Berlin, WI 53151

DEF INSURANCE COMPANY
a fictitious corporation,

ILLINOIS NATIONAL INSURANCE COMPANY
a Wisconsin corporation
c/o Corporation System, Inc., Registered Agent
8040 Excelsior Dr., Ste. 400
Madison, WI 53717

       Defendants.

FILED AND
AUTHENTICATED

O    MAY 0 9 2017    O

JOHN BARRETT
Clerk of Circuit Court

-----------------------------------------------------------------------------------------------------------

    The above named plaintiffs by **HABUSH HABUSH & ROTTIER S.C.®**, their attorneys,

as and for a Complaint against the above named defendants, alleges and shows to the Court as

follows:

## GENERAL ALLEGATIONS APPLICABLE
## TO ALL CLAIMS FOR DAMAGES

1.     At the present time, the plaintiffs, Adam J. Varelas and Michelle Varelas, are citizens and residents of the State of Wisconsin residing at 235 W. Armour Avenue, Milwaukee, Wisconsin 53207 and are husband and wife.

2.     At the present time, the defendant, Crown Equipment Corporation (hereinafter "Crown Equipment") is a foreign corporation with offices of its Registered Agent, CT Corporation System, at 8020 Excelsior Dr., Ste. 200, Madison, Wisconsin 53717.  On information and belief, Crown Equipment Corporation is in the business of designing, testing, manufacturing, marketing, distributing and selling stand-up forklifts.

3.     On information and belief, an unknown insurance company, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy of insurance to Crown Equipment, which policy provided coverage to Crown Equipment for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter; in the contract of insurance, this defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

4.     At the present time, the defendant, Crown Lift Trucks, is a branch of Crown Equipment with its principal place of business located at 5150 S. Towne Dr., New Berlin, Wisconsin 53151.  On information and belief, Crown Lift Trucks is in the business of selling and servicing Crown forklifts, and its parts and accessories, including the subject RC series forklift.

2

5. On information and belief, an unknown insurance company, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of DEF Insurance Company, had issued a policy of insurance to Crown Lift Trucks, which policy provided coverage to Crown Lift Trucks for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter; in the contract of insurance, this defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

6. At the present time, the defendant, Illinois National Insurance company (hereinafter "Illinois National"), is a foreign corporation duly licensed to do business in the State of Wisconsin, with offices of its Registered Agent, Corporation System, Inc., at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin, 53717; this insurance company is a defendant by reason of Wis. Stat. §102.29 as it may have an interest in the plaintiff's claim by reason of its being the workers compensation carrier for the plaintiff, Adam J. Varelas.

7. On or about November 4, 2015, the plaintiff, Adam J. Varelas, during the course of his employment as a dock supervisor at Sam's Club, was operating a Crown RC Series stand-up forklift at or near 1540 S. 108th Street, in the City of West Allis, County of Milwaukee.

8. At this time and place, the plaintiff, Adam J. Varelas, attempted to stop the forklift by plugging, when the brakes failed, causing the forklift and Mr. Varelas to go over the loading dock, falling to the ground below, with a portion of the forklift landing on Mr. Varelas, causing him to suffer serious permanent personal injuries.

3

## CLAIM FOR INJURIES BASED ON NEGLIGENCE
## OF THE DEFENDANT, CROWN EQUIPMENT CORPORATION

9.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-8 of the Complaint herein.

10.     The defendant, Crown Equipment, by its employees, agents and representatives, was negligent in the design, testing, manufacture, marketing, service, repair, and maintenance, distribution and sale of the subject forklift involved in this accident, including but not limited to, failing to provide a forklift that operated safely; failing to provide adequate warnings and instructions on and with the forklift; failing to properly test the subject forklift; failing to properly service, repair, and maintain the forklift; and by placing a product on the market that was unreasonably dangerous and could cause serious personal injuries to any potential user; and was otherwise negligent.

11.     The above and foregoing acts of negligence on the part of the defendant, Crown Equipment, were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Adam J. Varelas.

12.     As a result of the negligence on the part of the defendant, Crown Equipment, as afore alleged, the plaintiff, Adam J. Varelas, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

13.     The plaintiff, Michelle Varelas, is the wife of plaintiff, Adam J. Varelas, and as his wife, sustained damages, including but not limited to the loss of consortium, society and

4

companionship of her husband, and will in the future sustain damages as the result of the injuries sustained by her husband as described above.

## CLAIM FOR DAMAGES BASED ON STRICT LIABILITY
## OF THE DEFENDANT, CROWN EQUIPMENT CORPORATION

14.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-13 of the Complaint herein.

15.     The forklift used by the plaintiff, Adam J. Varelas, was in a defective condition so as to be unreasonably dangerous to users with respect to its design, testing, manufacture, marketing, distribution, sale and warnings when it left the possession and control of the defendant, Crown Equipment.

16.     The subject forklift was a product the defendant, Crown Equipment, expected to and did reach the plaintiff, Adam J. Varelas, as a user without substantial change in the condition in which it was sold.

17.     The aforedescribed defective condition which rendered the subject forklift unreasonably dangerous was a direct and proximate cause of the injuries and damages sustained by the plaintiff, Adam J. Varelas.

18.     As a result of the aforedescribed defective condition of the subject forklift, the plaintiff, Adam J. Varelas, sustained injuries and damages as described above.

## CLAIM FOR INJURIES BASED ON NEGLIGENCE
## OF THE DEFENDANT, CROWN LIFT TRUCKS

19.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-18 of the Complaint herein.

20.     The defendant, Crown Lift Trucks, by its employees, agents and representatives, was negligent in the design, testing, manufacture, marketing, service, repair, and maintenance,

5

distribution and sale of the subject forklift involved in this accident, including but not limited to, failing to provide a forklift that operated safely; failing to provide adequate warnings and instructions on and with the forklift; failing to properly test the subject forklift; failing to properly service, repair, and maintain the forklift; and by placing a product on the market that was unreasonably dangerous and could cause serious personal injuries to any potential user; and was otherwise negligent.

21.     The above and foregoing acts of negligence on the part of the defendant, Crown Lift Trucks, were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Adam J. Varelas.

22.     As a result of the negligence on the part of the defendant, Crown Lift Trucks, as afore alleged, the plaintiff, Adam J. Varelas, sustained injuries and damages as described above.

23.     As a result of the negligence on the part of the defendant, Crown Lift Trucks, as afore alleged, the plaintiff, Adam J. Varelas, sustained permanent injuries and damages, including past and future pain, suffering, disfigurement, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

24.     The plaintiff, Michelle Varelas, is the wife of plaintiff, Crown Lift Trucks, and as his wife, sustained damages, including but not limited to the loss of consortium, society and companionship of her husband, and will in the future sustain damages as the result of the injuries sustained by her husband as described above.

6

## CLAIM FOR DAMAGES BASED ON STRICT LIABILITY
## OF THE DEFENDANT, CROWN LIFT TRUCKS

25.     Reallege and incorporate herein by reference all of the allegations of paragraphs 1-24 of the Complaint herein.

26.     The forklift used by the plaintiff, Adam J. Varelas, was in a defective condition so as to be unreasonably dangerous to users with respect to its design, testing, manufacture, marketing, distribution, sale and warnings when it left the possession and control of the defendant, Crown Lift Trucks.

27.     The subject forklift was a product the defendant, Crown Lift Trucks, expected to and did reach the plaintiff, Adam J. Varelas, as a user without substantial change in the condition in which it was sold.

28.     The aforedescribed defective condition which rendered the subject forklift unreasonably dangerous was a direct and proximate cause of the injuries and damages sustained by the plaintiff, Adam J. Varelas.

29.     As a result of the aforedescribed defective condition of the subject forklift, the plaintiff, Adam J. Varelas, sustained injuries and damages as described above.

WHEREFORE, the plaintiffs demand judgment against the defendants for the amount of damages found to be appropriate, together with the costs, disbursements and prejudgment interest in this action.

In the event of settlement or verdict in favor of the plaintiffs, plaintiffs demand judgment for an order declaring the plaintiffs' rights to such settlement/verdict proceeds paramount to those of any subrogated party.

7

Finally, in the event of any subrogated party's failure to respond to this Complaint in a timely manner, the plaintiffs request this Court to grant an order dismissing the subrogated party from this action and barring any claim for subrogation and/or reimbursement, and barring the subrogated party from participating in any judgment or settlement in this action.

Plaintiffs allege that their damages are more than the minimum amount necessary to invoke the jurisdiction of this Court.

Dated at Milwaukee, Wisconsin this 5th day of __May_____, 2017.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiffs

By: _Timothy Trecek_

Timothy S. Trecek
State Bar No. 1021161
ttrecek@habush.com

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THAT THE ABOVE ENTITLED ACTION BE TRIED BY A TWELVE PERSON JURY.**

**P.O. ADDRESS:**

US Bank Building, Suite 2300
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-0900

8

STATE OF WISCONSIN   :    CIRCUIT COURT   :    MILWAUKEE COUNTY

---

ADAM J. VARELAS and
MICHELLE VARELAS

            Plaintiffs,

    vs.

CROWN EQUIPMENT CORPORATION
a foreign corporation

ABC INSURANCE COMPANY
a fictitious corporation,

CROWN LIFT TRUCKS

DEF INSURANCE COMPANY
a fictitious corporation,

ILLINOIS NATIONAL INSURANCE COMPANY
a Wisconsin corporation

            Defendants.

**Case No.**

**Personal Injury-Other:  30107**

---

### PLAINTIFFS' FIRST SET OF WRITTEN INTERROGATORIES TO DEFENDANTS CROWN EQUIPMENT CORPORATION AND CROWN LIFT TRUCKS

---

TO:    CROWN EQUIPMENT CORPORATION
        c/o CT Corporation System
        8020 Excelsior Dr., Ste. 200
        Madison, WI 53717

        and

        CROWN LIFT TRUCKS
        5150 S. Towne Dr.
        New Berlin, WI 53151

Plaintiffs, Adam J. Varelas and Michelle Varelas, by their attorney, Timothy S. Trecek of Habush Habush & Rottier, hereby request, pursuant to Wisconsin Statute 804.08 that the defendants, Crown Equipment Corporation ("Crown Equipment") and Crown Lift Trucks ("Crown Lift"), answer Plaintiffs' First Set of Written Interrogatories in writing, under oath, within forty-five (45) days of service.

## DEFINITIONS

A.    **"Documents"** refers to everything within the scope of Wis. Stat. 804.09.

B.    **"Defendant"** or **"Crown Equipment "** or **"Crown Lift"** refers to  all of its employees, agents and servants, any division or group of Crown Equipment or Crown Lift, any subsidiaries, any affiliated or associated companies, and all employees, agents and independent contractors associated with any of these entities.

C.    **"Hazard"** refers to any condition or any changing set of circumstances which present an injury potential.  The defendant's response to an inquiry employing this term shall not be deemed to constitute an admission that such hazard does in fact exist.

D.    **"Other Incidents; Other Similar Incidents."**  Whenever either of these phrases is employed, it is intended to refer to any other incident which involved a Crown stand- up electric forklift where an allegation occurred that the brakes or plugging operation on the forklift failed to operate.

E.    **"Path of Distribution."**  Whenever this phrase is employed, it is intended to refer to the movement of said product in terms of time and geography, beginning at the time and place at which it was first assembled and manufactured as a completed product or a finished product and ending at the location where it becomes sold to a consumer.

F.    **"Subject Forklift."** This phrase is intended to refer to the Crown RC series stand-up forklift in which the plaintiff was operating at the time of the subject accident. It is intended that said term shall be construed to include each and every component of said product

G.    **"Quality Assurance."** This phrase is intended to refer to any and all efforts (including, but not limited to studies, tests, inspections, examinations) and other activities conducted by or on behalf of the defendant for the purpose of ascertaining whether or not a finished product conforms to the design objectives or design criteria for that product.

H.    **"Test(s)."** This word is intended to refer to any test(s) made by or on behalf of the Defendant or test(s) made by some other person, firm or corporation to which the Defendant referred in selecting the design that was adopted by the Defendant for said product (or any subsequent change thereto) or in the course of the investigation of said incident. The word test(s) includes static and dynamic tests, whether involving models or full size components, and computer-simulated testing.

## INTERROGATORIES

INTERROGATORY NO. 1:  Identify all witnesses from whom the defendant or any of its representatives have obtained written or recorded statements, and the custodians of such statements.

INTERROGATORY NO. 2:  Identify all agents, servants, or employees of the defendant who participated in any manner in the investigation of the claim which is the subject matter of this lawsuit.

INTERROGATORY NO. 3:    Identify each corporate standard, specification or requirement, industry standard or custom, governmental standard, code, specification or regulation pertaining to the subject forklift, including, but not limited to its circuitry.

INTERROGATORY NO. 4: Identify the person or persons currently employed by you most knowledgeable concerning the following:

a) The design, development, testing and marketing of the subject forklift and its components.

b) Safety devices which were incorporated into the design of the subject forklift related to the circuitry, braking and plugging.

c) Safety hazards in the use of the subject forklift which were considered by you related to braking and plugging.

d) Communications between Crown Equipment and its dealers and distributors regarding its RC 3000 series stand-up forklifts.

e) Communications between Crown Lift and its end-users regarding its RC 3000 series stand-up forklifts.

f) Communications between Crown Equipment and Crown Lift pertaining to the subject forklift.

g) Communications between Crown Lift and Sam's Club, 1540 S. 108th Street, West Allis, WI 53214, related to the repairs and maintenance of the Crown forklifts at that location.

h) Communications between Crown Equipment and Sam's Club, 1540 S. 108th Street, West Allis, WI 53214, related to Crown forklifts at that location.

i) Reported claims of injuries allegedly resulting from use of Crown stand-up forklifts.

j) Customer complaints regarding Crown stand-up forklifts.

k) State of the art in design of the circuitry of stand-up forklifts.

INTERROGATORY NO. 5: Identify each engineer or consultant who evaluated any of your RC 3000 series stand-up forklifts to determine any potential for causing injury it may have, including, but not limited to, the potential for the malfunction of the braking or plugging system.

INTERROGATORY NO. 6: Identify by name and address the corporate entity which is legally responsible for the liabilities, if any, of Crown Equipment, for personal injuries sustained in November, 2015, for claims such as those made in plaintiffs' complaint.

INTERROGATORY NO. 7: Identify by name and address the corporate entity which is legally responsible for the liabilities, if any, of Crown Lift, for personal injuries sustained in November, 2015, for claims such as those made in plaintiffs' complaint.

Dated this 5th day of May, 2017.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiffs

Timothy S. Trecek
State Bar No. 1021161
ttrecek@habush.com

**P.O. ADDRESS:**
777 East Wisconsin Avenue
Suite 2300
Milwaukee, WI 53202
(414) 271-0900

STATE OF WISCONSIN    :    CIRCUIT COURT    :    MILWAUKEE COUNTY
------------------------------------------------------------------------------------------------

ADAM J. VARELAS and
MICHELLE VARELAS                                 **Case No.**

           Plaintiffs,                **Personal Injury-Other:  30107**

    vs.

CROWN EQUIPMENT CORPORATION
a foreign corporation

ABC INSURANCE COMPANY
a fictitious corporation,

CROWN LIFT TRUCKS

DEF INSURANCE COMPANY
a fictitious corporation,

ILLINOIS NATIONAL INSURANCE COMPANY
a Wisconsin corporation

           Defendants.

------------------------------------------------------------------------------------------------
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS CROWN EQUIPMENT CORPORATION AND CROWN LIFT TRUCKS
------------------------------------------------------------------------------------------------

TO:   CROWN EQUIPMENT CORPORATION
      c/o CT Corporation System
      8020 Excelsior Dr., Ste. 200
      Madison, WI 53717

      and

      CROWN LIFT TRUCKS
      5150 S. Towne Dr.
      New Berlin, WI 53151

Plaintiffs, Adam J. Varelas and Michelle Varelas, by their attorney, Timothy S. Trecek of

Habush Habush & Rottier, hereby request, pursuant to Wisconsin Statute 804.09 that the

1

defendants, Crown Equipment Corporation ("Crown Equipment") and Crown Lift Trucks ("Crown Lift") produce and permit inspection and/or copying of the following described documents within forty-five (45) days of service. In lieu of said production, copies of the requested documents may be provided to plaintiffs' counsel at the law offices of Habush Habush & Rottier S.C.®, 777 East Wisconsin Avenue, Suite 2300, Milwaukee, WI 53202 within forty-five (45) days of service hereof.

## DEFINITIONS

A.      **"Documents"** refers to everything within the scope of Wis. Stat. 804.09.

B.       **"Defendant"** or **"Crown Equipment "** or **"Crown Lift"** refers to  all of its employees, agents and servants, any division or group of Crown Equipment or Crown Lift, any subsidiaries, any affiliated or associated companies, and all employees, agents and independent contractors associated with any of these entities.

C.      **"Hazard"** refers to any condition or any changing set of circumstances, which present an injury potential. The defendant's response to an inquiry employing this term shall not be deemed to constitute an admission that such hazard does in fact exist.

D.      **"Other Incidents; Other Similar Incidents."**  Whenever either of these phrases is employed, it is intended to refer to any other incident, which involved a Crown stand- up electric forklift where an allegation occurred that the brakes or plugging operation on the forklift failed to operate.

E.       **"Path of Distribution."** Whenever this phrase is employed, it is intended to refer to the movement of said product in terms of time and geography, beginning at the time and place at which it was first assembled and manufactured as a completed product or a finished product and

2

ending at the location where it becomes sold to a consumer.

F. **"Subject Forklift."** This phrase is intended to refer to the Crown RC series stand-up forklift in which the plaintiff was operating at the time of the subject accident. It is intended that said term shall be construed to include each and every component of said product

G. **"Quality Assurance."** This phrase is intended to refer to any and all efforts (including, but not limited to studies, tests, inspections, examinations) and other activities conducted by or on behalf of the defendant for the purpose of ascertaining whether or not a finished product conforms to the design objectives or design criteria for that product.

H. **"Test(s)."** This word is intended to refer to any test(s) made by or on behalf of the Defendant or test(s) made by some other person, firm or corporation to which the Defendant referred in selecting the design that was adopted by the Defendant for said product (or any subsequent change thereto) or in the course of the investigation of said incident. The word test(s) includes static and dynamic tests, whether involving models or full size components, and computer-simulated testing.

## REQUESTS

REQUEST NO. 1: All applicable insurance policies, including umbrella and excess policies. This request encompasses each entire policy, including declaration or face sheets showing the policy limits of each policy.

REQUEST NO. 2: Organizational charts showing Crown Equipment's and Crown Lift's corporate structure(s) for the time-period from when the Defendant first manufactured an RC 3000 series stand-up forklift through December 31, 2015.

REQUEST NO. 3: Organizational charts showing that part of Crown Equipment's

3

organization and the individuals who participated in the design, development, research, and testing of Crown's RC 3000 series stand-up forklift through December 31, 2015.

REQUEST NO. 4: Organizational charts showing that part of Crown Equipment's organization and the individuals who participated in the sale, leasing, advertising, and marketing of Crown's RC 3000 series stand-up forklifts through December 31, 2015.

REQUEST NO. 5: Copies of all documents, including legal complaints, consumer complaints, memos, reviews, internal reports, correspondence, and/or communications from industry organizations, consumer groups, attorneys, insurance companies, or governmental regulatory agencies, received by Crown Equipment or Crown Lift, relating to claimed injuries to operators or bystanders where an allegation was made of failed braking or failed plugging with a stand-up forklift which uses the same circuitry for its braking and plugging as used in the subject forklift, excluding documentation protected by the attorney/client privilege.

REQUEST NO. 6: All corporate standards, specification or requirements, industry standards or custom, governmental standards, codes, specifications or regulations, applicable to the subject forklift you contend were complied with, in the design and manufacture of the Crown RC 3000 series stand-up forklifts.

REQUEST NO. 7: All Crown Equipment internal standards, regulations, policies and procedures, applicable to the subject forklift you contend were complied with, in the design and manufacture of the Crown RC 3000 series stand-up forklifts.

REQUEST NO. 8: All documents (specifically including but not limited to, blueprints, engineering layouts, schematics, drawings or detail diagrams, drawing revisions, specifications, and corporate standards or requirements), for the RC 3000 series stand-up forklifts, including but

4

not limited to its circuitry.

REQUEST NO. 9:    For those RC 3000 stand-up forklifts which post-date the subject forklift, and which incorporate circuitry different than the subject forklift's circuitry, produce all documents (specifically including but not limited to, blueprints, engineering layouts, schematics, drawings or detail diagrams, drawing revisions, specifications, and corporate standards or requirements), including but not limited to its circuitry.

REQUEST NO. 10:    All Failure Mode and Effects Analysis, hazard analysis, or similar documents by any other name, created to address potential hazards related to the Crown Equipment RC 3000 series stand-up forklifts.

REQUEST NO. 11:    Documents (including videotapes, photographs, slides or motion pictures) generated due to testing and performance for the RC 3000 series stand-up forklift, and which are applicable to the subject forklift.

REQUEST NO. 12:    The index or catalog (including any computerized index or catalog) of Crown Equipment's testing conducted on the RC 3000 series stand-up forklifts, from when Crown Equipment first manufactured the RC 3000 series forklifts through the present.

REQUEST NO. 13:    Documents regarding the contemplation, rationale, feasibility, and/or performance of alternative designs of the RC 3000 series stand-up forklift circuitry.

REQUEST NO. 14:    All documents regarding Crown Equipment's and Crown Lift's quality assurance procedures, including any and all examinations, inspections, and tests, whether static or dynamic, done in part to confirm that the finished forklift complied with the design criteria and/or specifications.

REQUEST NO. 15:    All videotapes, photographs, slides or motion pictures and test

5

reports created during the development of the RC 3000 series forklift.

REQUEST NO. 16:   All advertising or promotion material of Crown Equipment's RC 3000 series stand-up forklifts marketed through the present.

REQUEST NO. 17:   All technical articles or reports written by Crown Equipment or Crown Lift's personnel, which relate to the circuitry of stand-up forklifts.

REQUEST NO. 18:   The operator's manual for the subject forklift.

REQUEST NO. 19:   The service manual for the subject forklift.

REQUEST NO. 20:   The operator's manual for each RC 3000 series stand-up forklift, which post-dates the subject forklift.

REQUEST NO. 21:   The service manual for each RC 3000 series stand-up forklift, which post-dates the subject forklift.

REQUEST NO. 22:   All documents relating to applications for patents and/or each patent issued or assigned to Crown Equipment or any of its employees relating to RC 3000 series stand-up forklifts, or any component thereof.

REQUEST NO. 23:   All warnings provided by or on behalf of Crown Equipment to the purchasers of its RC 3000 series stand-up forklifts from the date first sold up to December 31, 2015.

REQUEST NO. 24:   Documents reflecting any changes, alterations, or modifications to the RC 3000 series stand-up forklift from the time it was firs designed until present, with respect to any of the following:

        a.        performance specifications;
        b.        design objectives;

6

| c. | design criteria; |
|---|---|
| d. | actual design; |
| e. | construction/manufacture/assembly; |
| f. | quality assurance; |
| g. | use instructions; |
| h. | circuitry; |
| i. | warnings. |

**REQUEST NO. 25:** All engineering change requests, engineering change notices, and engineering change orders applicable to the subject forklift.

**REQUEST NO. 26:** All engineering change requests, engineering change notices, and engineering change orders applicable to the subject forklift.

**REQUEST NO. 27:** Documents reflecting the path of distribution of the subject forklift.

**REQUEST NO. 28:** All documents reflecting any recall of the RC 3000 series stand-up forklifts involving the electronic circuitry.

**REQUEST NO. 29:** Documents reflecting where, when and by whom the subject forklift was designed, manufactured, assembled, tested, leased, sold.

**REQUEST NO. 30:** Documents reflecting the model name, model number, and years sold, for each RC 3000 series stand-up forklift model manufactured and/or marketed by Crown Equipment.

**REQUEST NO. 31:** All meeting minutes from committee(s) associated with the subject areas described below as they pertain to the RC 3000 series stand-up forklifts, from the time-period when Crown Equipment first manufactured the RC 3000 series forklift through December 31, 2015:

7

a) Product Development;
    b) Product Standards;
    c) Testing;
    d) Quality Assurance;
    e) Manufacturing;
    f) Sales.

**REQUEST NO. 32:** Documents that describe your document retention policy in effect as of calendar year 2015.

**REQUEST NO. 33:** Documents which identify by year, the number of RC 3000 series forklifts manufactured, which incorporate the same circuitry as the subject forklift.

**REQUEST NO. 34:** Documents which set forth the per unit cost to Crown Equipment to manufacture the subject forklift.

**REQUEST NO. 35:** Documents which set forth the retail cost for the subject forklift when new.

**REQUEST NO. 36:** All lease agreements, or sales documents, pertaining to the subject forklift.

**REQUEST NO. 37:** All lease agreements, or sales documents, pertaining to each Crown forklift, which was at Sam's Club, 1540 S. 108th Street, West Allis, WI 53214, as of November 4, 2015.

**REQUEST NO. 38:** All service, repair, maintenance records for the subject forklift.

**REQUEST NO. 39:** All service, repair, maintenance records pertaining to each Crown forklift which was at Sam's Club, 1540 S. 108th Street, West Allis, WI 53214, as of November 4, 2015.

**REQUEST NO. 40:** All records in your possession or available to you, including but not limited to, bills of sale, purchase orders, invoices, and shipping documents, pertaining to the original sale and shipment, or lease, of the subject forklift.

8

**REQUEST NO. 41:** Documents which identify each and every identification number listed on the subject forklift, including those for the circuitry boards. (I.e. model number, serial number, patent number, etc.).

**REQUEST NO. 42:** All warranty records in your possession or available to you relating to the subject forklift.

**REQUEST NO. 43:** All photographs and videotapes of the subject forklift taken by you or your representatives at any time.

**REQUEST NO. 44:** All service bulletins applicable to the subject forklift.

**REQUEST NO. 45:** Copies of all statements taken from any parties or witnesses to the accident in question or persons who have knowledge of the accident or injuries or damages sustained or claimed by the plaintiff.

**REQUEST NO. 46:** All instruction sheets, manuals, and any other written material, which accompanied the subject forklift at the time it left the possession of Crown Equipment and Crown Lift.

**REQUEST NO. 47:** All patents applicable to the subject forklift.

**REQUEST NO. 48:** All communications between you and any of your distributors or dealers of RC 3000 series stand-up forklifts related to reported problems involving braking or plugging on this forklift series.

**REQUEST NO. 49:** All documents generated, including tests and test reports, as a result of Crown Equipment's and Crown Lift's testing and/or evaluation of the electrical circuitry, which controls braking, and plugging in the RC 3000 series stand-up forklifts.

**REQUEST NO. 50:** All communications between Crown Equipment and Crown Lift related to the subject forklift at any time.

9

**REQUEST NO. 51:** All internal memoranda and/or procedural manuals which describe those procedures to be taken to implement any accident reporting system instituted by you to inform you of injuries sustained by persons using Crown Equipment products.

**REQUEST NO. 52:** Produce each indemnity agreement between you and any other entity, which may be applicable to the subject incident.

Dated at Milwaukee, Wisconsin this 5th day of May 2017.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiffs

By: _____
Timothy S. Trecek
State Bar No. 1021161
Email: ttrecek@habush.com

**P.O. ADDRESS:**
777 East Wisconsin Avenue
Suite 2300
Milwaukee, WI 53202
(414) 271-0900

10

An authenticated copy of this document was legally served on

6.21.17 at 2:57 am (pm)

by: Randy Conrad

**CREAMCITY**

www.creamcityprocess.com
Failure to make an endorsement does not invalidate service per WI §801.10(2)